IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 12-cv-02793-MSK

STEVEN N. RADER, and
VIVIAN L. RADER,

        Plaintiffs,

v.

TOWN OF PAGOSA SPRINGS,
ROSS ARAGON,
DAVID MITCHEM,
JAMES DICKHOFF,
APRIL HESSMAN,
DON VOGLER,
DARRELL COTTON,
KATHIE LATTIN,
TRACY BUNNING,
CLINT ALLEY,
ROBERT G. COLE,
COLLINS COCKREL & COLE, PC,
ARCHULETTA COUNTY
TODD STARR,
GREG SCHULTE,
CLIFFORD LUCERO, and
STEVE WADLEY,

        Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' *pro se* "Emergency Motion for Writ of Prohibition" **(# 3)**, which the Court construes as a motion for Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b).

1

The Plaintiffs commenced this action *pro se* on October 22, 2012. Greatly summarized, the Plaintiffs' *pro se* Complaint (# 1) is an attempt "to protect their rural property . . . from encroachment by adverse impacts inarguably imminent from a preliminarily approved big box project to be located in the near vicinity of [their] established ten-acre horse property." The crux of the Plaintiffs' concerns appears to be their use of Alpha Drive, a roadway that connects the Plaintiffs' property, as well as the property of others in the Aspen Village neighborhood, with Highway 160. The Complaint is somewhat unclear as to the alleged ownership of Alpha Drive: the Town of Pagosa Springs and Archuletta County appear to believe that the street was owned by the County (and was later quitclaimed by the County to the Town), whereas the Plaintiffs appear to contend that the street is owned privately, apparently by an entity referred to as the Alpha-Rockridge Metro District.

In January 2012, the Town of Pagosa Springs proposed to permit development of an unspecified "big box" retail development in the Aspen Village neighborhood, which would, in turn, entail significantly-increased use of Alpha Drive. The bulk of the Complaint contains a lengthy recitation of the Plaintiffs' efforts to lodge objections to that proposed development, along with certain complaints that the Plaintiffs have about whether aspects of the notice and approval process for the development were not properly followed by Town and County officials. Much of the dispute appears to concern questions of ownership of Alpha Drive, and the Plaintiffs' contentions that public officials have not adequately responded to their claims that Alpha Drive is privately-owned.

At some unspecified point in time, a Design Review Board approved the proposal. Pursuant to the terms what appears to be a local "Land Use Development Code," the Plaintiffs

had the opportunity to file an appeal of that approval to the Town Council.  The Plaintiffs complain that this appeal procedure "is devoid of any appeal structure: no scope, rules, timetables, scheduling, appellate record information, etc."  The Plaintiffs complain that a hearing on their appeal has been "unilaterally scheduled, cancelled, and re-scheduled" by the Town at least four times.  The remainder of the factual allegations in the Complaint detail various complaints by the Plaintiffs about events relating to the appeal.

Based on these allegations, the Complaint alleges __ causes of action: (i) a somewhat omnibus claim under 42 U.S.C. § 1983, 1984, and 1985, alleging deprivations of the Plaintiffs' First, Fourth, Fifth, and Fourteenth Amendment rights, along with a demand for emergency injunctive relief "to stop the sham appeal proceeding"; (ii) a claim, apparently under 42 U.S.C. § 1983, that portions of the Development Code violate the U.S. Constitution's Equal Protection clause, in that "those in outlying areas" of the Town/County are denied protections "from adverse impacts" when compared to "those living in the town core area"; (iii) a claim "for a writ of mandamus" directing the Town and County to "create and place a servicing plan for Alpha Drive at their own costs until such time as another agrees to improve and maintain said road"[1] and alleging that public officials "disregard[ed] public health, safety, and welfare when conspiring to transfer" Alpha Drive to the Town; (iv) a claim that certain Defendants conspired to forge the Plaintiffs' signatures on a document relating to their appeal, apparently constituting a violation of the Plaintiff's First, Fourth, and Fourteenth Amendment rights; and (v) a request for monetary damages.

---

[1]This claim appears to invoke a 2007 Memorandum of Understanding between the County and the Alpha-Rockridge Metro District, with the Plaintiffs apparently asserting that the County is in breach of that agreement.

The instant motion seeking emergency injunctive relief is premised upon a contention that, at some unspecified date, "the [Town] Counsel . . . unilaterally re-scheduled the appeal haring for Tuesday, October 23, 2012," a date on which the Plaintiffs were apparently unavailable to appear (for unstated reasons). They contend that, by doing so, they are being "denied the appeal that they paid [an appeal fee] for."

The Court begins its analysis by noting that, because the Plaintiffs appear *pro se*, the Court is obligated to liberally construe their pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiffs' use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiffs of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiffs according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Fed. R. Civ. P. 65(b) permits the Court to grant a Temporary Restraining Order, on an *ex parte* basis, upon the movant establishing two elements: (i) a showing, made in "an affidavit or a verified complaint," that "clearly show[s] that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition"; and (ii) a written showing demonstrating "any efforts made to give notice" to the adverse party and "reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A), (B). Arguably, a movant seeking a Temporary Restraining Order must also make a showing sufficient to demonstrate his entitlement to a

preliminary injunction – that is, by demonstrating: (i) imminent, irreparable harm; (ii) a likelihood of success on the merits of a claim; (iii) a balancing of the equities tipping in favor of the movant; and (iv) no harm to the public interest that would result from granting the relief. *Goldenhersh v. Aurora Loan Services, LLC,* 2010 WL 3245166 (D.Colo. Aug. 16, 2010) (slip op.).

Here, the Plaintiffs have not made any showing under Fed. R. Civ. P. 65(b)(1)(B) – that is, a showing as to what efforts they have made "to give notice [to the Defendants]" of the request for injunctive relief, nor shown why such notice should not be required. The record here does not clearly indicate how long the Plaintiffs have known of the October 23, 2012 hearing date, and thus, does not clearly indicate the extent to which the Plaintiffs were able to give notice to the Defendants of their intention to seek injunctive relief.[2] In the absence of such a showing, it is not apparent to the Court that proceeding to award injunctive relief to the Plaintiffs on an *ex parte* basis under Rule 65(b), instead of deferring the question until such time as the Defendants can be heard under Rule 65(a)(1), is appropriate.

Moreover, the Court is not convinced that the Plaintiffs have demonstrated that, even if the Town conducts the appeal hearing on October 23 in their absence, the result will be harm that is "irreparable." To constitute "irreparable" injury, the contemplated injury must be "certain, great, actual, and not theoretical." *Schrier v. University of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005). The party requesting injunctive relief must demonstrate that the injury complained of "is

---

[2] Paragraph 87 of the Complaint appears to indicate that the Plaintiffs were prepared to notify Town officials of their unavailability for the October 23 date at a previous Town Council meeting (occurring on an unspecified date), but were prevented from doing so by being denied "the right and ability to have spoken prior to" a vote that was taken at that meeting.

5

of such imminence that there is a clear and present need for equitable relief to prevent" it." *Id.* It is somewhat unclear what particular "injury" the Plaintiffs anticipate suffering if the "hearing" set for October 23 proceeds without their appearance, largely because the purpose and significance of the October 23 hearing is not sufficiently stated. For example, it is not clear from the record what the October 23 hearing is intended to accomplish – *i.e.* whether it is an opportunity for the Plaintiffs to present evidence, to present argument, a date on which the Town Council will vote on the resolution of the Plaintiffs' appeal, etc. It is also unclear what effect the Plaintiffs' absence from that hearing will have – *i.e.* whether it will be deemed to result in a waiver or forfeiture of certain rights by the Plaintiffs, whether it might result in the hearing being rescheduled, whether the Plaintiffs' appeal will be deemed submitted on the papers, or whether the hearing is one simply at which the Town Councils' decision will be announced, among other possibilities. At best, the Plaintiffs only appear to indicate that their failure to appear at the hearing will result in the loss of a right "they paid for," suggesting that any injury can be remedied by a refund of their appeal fee. Such economic losses are not considered "irreparable." *See Philip Morris USA, Inc. v. Scott*, 131 S.Ct. 1, 4 (2010).

Thus, on the unclear record before it, the Court cannot conclude that the Plaintiffs have demonstrated that their inability to appear at the October 23 hearing will result in such irreparable injury that *ex parte* injunctive relief is warranted. It further appearing that the sole basis of the request is to preempt a hearing that, by the time of issuance of this Order, will have already occurred, the Court is not inclined to engage in its ordinary practice of treating the motion as one seeking a preliminary injunction under Rule 65(a); by that point, the Plaintiffs' request to enjoin the October 23 hearing will have been rendered moot. If, after effectuating

proper service of process on the Defendants under Fed. R. Civ. P. 4, the Plaintiffs still believe that there is imminent and irreparable harm occurring or likely to occur that warrants provisional injunctive relief, they may file a new motion setting forth the grounds therefor.

Accordingly, the Plaintiffs' motion **(# 3)**, construed as a request for a Temporary Restraining Order under Rule 65(b), is **DENIED**.

Dated this 23d day of October, 2012

**BY THE COURT:**

Marcia S. Krieger
United States District Judge